1 F.3d 1243
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Curtis E. RUFFIN, Defendant-Appellant.
 No. 92-4053.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1993.
 
 Before: GUY and NELSON, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Pursuant to the search warrant at issue in this case, police officers searched defendant Curtis Ruffin's Cleveland, Ohio residence on February 22, 1992. During the search, police uncovered 118 grams of cocaine base, two loaded weapons, expensive digital scales commonly used to weigh drugs, and plastic baggies used in packaging drugs. Ruffin was indicted on drug charges, and Judge John Manos denied Ruffin's motion to suppress the evidence discovered of illegal activity. A jury found the defendant guilty of possession with the intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1).
 
 
 2
 The affidavit supporting the application for a search warrant contained incriminating allegations from three informants. Two of the informants were confidential, the third was a low level seller who informed on the defendant after his arrest. The affiant police officer swore that both confidential informants "ha[d] always proven to be accurate and ha[d] never proven to be inaccurate." According to the officer, both informants had aided the police on "several occasions" by supplying them with accurate information concerning drug trafficking. One of the informants has helped the police find a fugitive.
 
 
 3
 The affidavit set out that the first confidential informant had advised him:
 
 
 4
 1. that the defendant was named "Curtis;"
 
 
 5
 2. that Curtis was being supplied with cocaine by a group of Jamaican males;
 
 
 6
 3. that Curtis lived at 915 Paxton street; (the informant rode in the car with the officers to verify which house it was);
 
 
 7
 4. that Curtis drove a maroon BMW, and provided the license plate number;
 
 
 8
 5. that Curtis was relatively light-skinned and was about 5'11" tall;
 
 
 9
 6. within 5 days before the warrant issued, he saw Curtis in the house with a kilogram of cocaine which he gave to another person;
 
 
 10
 7. within the same period, he saw Curtis with large sums of cash while at 915 Paxton.
 
 
 11
 Except for the last two items, this information was gathered three weeks before the officers applied for the search warrant. Police corroborated this information to some extent. They discovered that Curtis Ruffin lived at 915 Paxton street when he was arrested on state drug charges in 1988. The license plate described by this informant was issued to a car titled in Curtis' mother's name. Corroboration also came from the consistent testimony of the other two informants.
 
 
 12
 The affidavit also contained the testimony of a second confidential informant, who did not speak directly to the affiant, but to the affiant's fellow officer, who relayed the information. This latter informant was credited with telling the police that Curtis bought a maroon BMW several months ago with a substantial cash down payment, and titled it in his mother. He also claimed that Curtis had bought a red Silverado truck with a substantial cash down payment.
 
 
 13
 Finally, the affidavit contained testimony from a low level drug dealer, Daniel Austin, whom federal agents had recently arrested. Austin said that he had purchased large amounts of cocaine from a man named Curtis, whom he described as being a light-skinned black male living on Paxton Street in Cleveland and driving a maroon BMW. The officer averred that Austin gave these responses after being asked who his supplier was, and that the officers had not mentioned any names or places to Austin before he related the incriminating information. There is no indication that Austin knew either confidential informant.
 
 
 14
 Ruffin attacks the reliability of this incriminating information because, he says, the first informant did not say when he saw the drugs, nor did he say who actually possessed them. He challenges the information about the vehicles provided by the second informant based on double hearsay. He also complains that the information provided, when viewed as a whole, does not establish a sufficient link between the sale of cocaine and the house at 915 Paxton street to support a search warrant. We find that Ruffin's arguments clearly lack merit, and we conclude that probable cause supported the warrant.
 
 
 15
 If, under the totality of the circumstances, there is a fair probability that evidence will be found in a particular place, then probable cause exists, and a warrant may properly issue. Illinois v. Gates, 462 U.S. 213, 238 (1983). The standard of review for probable cause determinations when police officials obtain search warrants is deferential. This court stated that, "courts should not undertake a de novo review of the sufficiency of an affidavit, nor should they 'invalidate [a] warrant by interpreting [an] affidavit in a hypertechnical, rather than a commonsense, manner.' ... Rather, the magistrate's probable cause determination should be afforded great deference by the reviewing court." United States v. Davidson, 936 F.2d 856, 859 (6th Cir.1991). (citation omitted). This court reviews the magistrate's decision to determine if he had a "substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." Davidson, 936 F.2d at 859.
 
 
 16
 It is clear that the information in the affidavit easily satisfies the standards announced for determining probable cause. First, the informants were both reliable under the standards set forth in Gates. The Court in Gates said, "[i]t is enough, for purposes of assessing probable cause, that '[c]orroboration through other sources of information reduced the chances of a reckless or prevaricating tale,' thus providing 'a substantial basis for crediting the [informant's information].' " Gates, 462 U.S. at 244-45 (quoting Jones v. United States, 362 U.S. 257, 269-71 (1960)).
 
 
 17
 Here, the informants clearly satisfied the Gates standard not only because of their prior established reliability, but also because of the internal consistency of their testimony. All three informants gave the same physical description of Ruffin, and the drug related information provided by Austin was consistent with that of the informant. The police objectively verified much of the information (for example the titling of a maroon BMW with a specific license plate in Ruffin's mother's name, the address where Ruffin had previously been arrested, and the physical location of Curtis' alleged address.)
 
 
 18
 The issuing judge clearly had a "substantial basis for crediting [the three informants'] information." Gates, 462 U.S. at 244-45. The district court was justified in concluding that there was at least a fair probability that evidence would be found at the Paxton street address. Since the warrant was supported by probable cause, we AFFIRM Ruffin's conviction.